UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

Jose Latortue                                    )
                                                 )
        Plaintiff,                               )
                                                 )
v.                                               )
                                                 )
The Grand Condominium Association, Inc.          )
                                                 )
        Defendant.                               )
                                                 )
_____         )

## COMPLAINT

Plaintiff, Jose Latortue, sues Defendant, The Grand Condominium Association, Inc., and alleges as follows:

1. This action arises out of Plaintiff's employment relationship with Defendant, including his wrongful termination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").

## PARTIES

2. At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

3. At all times material, Plaintiff was an employee of Defendant as defined by 29 U.S.C. §630(f).

4. At all times material, Plaintiff was an employee of Defendant as defined by the ADA, 29 USC § 12111(4).

1

5. Defendant is a Florida not for profit corporation that operates a living complex in Miami, Florida.  At all times pertinent hereto, Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

6. At all times material, Defendant was considered an "employer" as defined by 29 U.S.C. §630.

7. At all times material, Defendant was a covered entity under the ADA as defined by 29 USC §12111(2).

8. At all times material, Defendant was considered an employer under the ADA as defined by 29 USC §12111(5)(a).

**JURISDICTION AND VENUE**

9. Plaintiff brings this action pursuant to Title VII, 42 U.S.C. 2000e et seq. and the ADA 42 USC §12117.

10. Venue herein is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3). Respondent is a corporate resident of the State of Florida, doing business therein, and the unlawful employment practices of which Claimant is complaining were committed within this judicial district.  Additionally, the employment records of Plaintiff are stored, or have been administered, in Miami-Dade County.

11. This court has jurisdiction of this claim as per 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4).  This civil action arises under the laws of the United States and the law of the State of Florida.

2

**PROCEDURAL REQUIREMENTS**

12. Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a)   Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission, Miami District Office; and

   b)   Plaintiff received his Right to Sue Notice as to his charges of discrimination which was issued on October 11, 2023.

13. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

**GENERAL ALLEGATIONS**

14. Plaintiff began working for Defendant in 2002, eventually being named Security Supervisor.  He routinely worked the 3pm to 11pm shift.

15. Plaintiff is Haitian and suffers from high blood pressure.

16. On or around October 21, 2021, Plaintiff was called into the office of his supervisor Daniel Llano Jr.  In this meeting, Mr. Llano informed Plaintiff that he would be moving to the 11p to 7a shift.  No reason for the change was given.

17. Plaintiff immediately informed Mr. Llano that he could not work this shift because it was an overnight shift and his blood pressure symptoms were especially bad at night.   Plaintiff took blood pressure medication regularly.  Defendant was aware of this, but Plaintiff re-informed Mr. Llano of this fact during the meeting.

18. Mr. Llano's response to this reminder of Plaintiff's disability accommodation was "I don't care" and that another employee simply needed the shift.  Plaintiff insisted that he could

3

not work this shift due to his disability.  Mr. Llano told Plaintiff to go back to his desk so he could discuss the situation with the general manager.

19. Plaintiff does not believe that any discussion occurred because only minutes later, Mr. Llano confronted Plaintiff at his desk telling him to leave and that he was not wanted there. Further, Plaintiff would be paid for the rest of the day but he was fired.

20. The confrontation did not end there though as Mr. Llano followed Plaintiff through the lobby, yelling at him and saying things like "there is too much Haitian in this place" and that he is here to "clean up" and "change the faces."

21. Mr. Llano had intended to put Plaintiff in a position that he believed would cause him to quit.  However, upon hearing of Plaintiff's disability, Mr. Llano did not know what to do. Instead of honoring the disability accommodation or discussing the situation with anyone, Mr. Llano became enraged and simply terminated Plaintiff.

22. Mr. Llano was hired in 2020 after a career with the Miami-Dade Police.  According to his arbitration case, Mr. Llano had been terminated from the MDPD due to excessive force. Despite knowing this, Defendant hired Mr. Llano anyway and allowed him to oversee other employees.

23. As a manager for Defendant, Mr. Llano is considered an agent whose actions bind the company.  Regardless of whether Mr. Llano took it upon himself to terminate Plaintiff because of his disability and his national origin or followed a directive from a superior, Defendant is liable for these actions.

4

**COUNT I: VIOLATION OF TITLE VII (NATIONAL ORIGIN DISCRIMINATION)**

24. Plaintiff repeats and re-alleges paragraphs 1-23 as if fully stated herein.

25. Plaintiff is a member of a protected class.  He is Haitian.

26. Defendant acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of his national origin.

27. Plaintiff was terminated because of his national origin.  Despite having no previous discipline history and working for Defendant for 18 years, Plaintiff was terminated and replaced by a non-Haitian worker.  Defendant, either through its agent Mr. Llano or by management directive, intended to remove Haitian employees from front facing positions within the organization.

28. Plaintiff had not previously had any complaints with his work or any reason to have been terminated.  It was not until Mr. Llano was hired that Plaintiff had any problems with Defendant.  Other Haitian employees began to have problems with Mr. Llano as well.  Non-Haitian employees were not treated like this.  Plaintiff was targeted by Mr. Llano.

29. Plaintiff was treated differently because of his national origin and terminated for that reason.

30. Plaintiff's national origin was the legal cause for Defendant's decision to terminate Plaintiff's employment.

31. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

5

**COUNT II: VIOLATION OF THE ADA (DISABILITY DISCRIMINATION)**

32. Plaintiff repeats and re-alleges paragraphs 1-23 as if fully stated herein.

33. Plaintiff had an actual disability.  Plaintiff suffers from high blood pressure for which he takes medication.  The symptoms of this are worse overnight.  For years, Plaintiff was allowed to not work overnight shifts due to this disability.  He occasionally worked overnights when it was absolutely necessary, but he would not be able to do this regularly.

34. Plaintiff is a "qualified individual" within the meaning of the ADA, 42 U.S.C. § 12111(8), in that the Plaintiff is an individual who, with reasonable accommodation, can perform the essential functions of his position.

35. Plaintiff requested the reasonable accommodation of not working the overnight shift which had been granted and not a problem for many years.

36. It was not until a new manager came to work for Defendant that Plaintiff's accommodation was removed.  This new manager likely had no idea that an accommodation was in place.  Plaintiff reminded this new manager of his accommodation.  Instead of reviewing the accommodation, Plaintiff was simply terminated.

37. Defendant acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of his disability.

38. Plaintiff was treated differently because of his disability and ultimately terminated for that reason.

39. Plaintiff's disability was the legal cause for Defendant's decision to terminate Plaintiff's employment.

6

40. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

WHEREFORE, Plaintiff, demands judgment against Defendant, as follows:

a.      That the Court finds Defendant in violation of Title VII and that the Court find the Defendant's violations were willful.

b.      That the Court finds Defendant in violation of the Americans with Disabilities Act and that the Court find the Defendant's violations were willful.

c.      That the Court award Plaintiff damages for all categories permitted by law (including but limited to economic, compensatory, and punitive) in an amount to be determined at trial in this matter.

d.      The Plaintiff be granted judgment in his favor and against Defendant for loss of employment benefits, along with future wages, back wages, and pain and suffering from the date of the adverse actions taken against her.

e.      That the Plaintiff be awarded punitive damages in an amount to be determined at trial in this matter for malice actions towards the Plaintiff and willful disregard for the Plaintiff s rights.

f.      That the Plaintiff be awarded reasonable attorney's fees, including litigation expenses and costs.

g.      That the Court award any other legal and equitable relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

7

Respectfully submitted this 9th day of January 2024, by:

/s/ R. Edward Rosenberg

R. Edward Rosenberg, Esquire

Fla. Bar No.: 88231

Email: rer@sorondorosenberg.com

Sorondo Rosenberg Legal PA

1825 Ponce de Leon Blvd. #329

Coral Gables, FL 33134

T: 786.708.7550

F: 786.204.0844

Attorney for Plaintiff
